

U.S. Department of Justice

United States Attorney

District of Maryland
Northern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2011 DEC 19  P 1: 38
CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br><br>*Sujit Raman*<br>*Assistant United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4973*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3091*<br>*TTY/TDD: 410-962-4462*<br>*Sujit.Raman@usdoj.gov* |

November 6, 2011

Harry J. Trainor, Jr., Esq.
Trainor, Billman, Bennett & Milko LLP
116 Cathedral Street, Suite E
Annapolis, Maryland 21401

          Re:    *United States v. Seth Daniel Norwood*
                  Criminal No. ELH-11-0375

Dear Mr. Trainor:

       This letter, together with the Sealed Supplement, confirms the plea agreement that has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **5:00 p.m.** on **Wednesday, November 16, 2011**, it will be deemed withdrawn. The terms of the agreement are as follows:

Offenses of Conviction

       1.      The Defendant agrees to plead guilty to Counts Six and Seven of the Indictment now pending against him, in which he is charged with Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and Using and Carrying (Brandishing) a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

Elements of the Offenses

       2.      The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Count Six (Hobbs Act Robbery)

*First*, that the Defendant knowingly obtained or took the personal property of another, or from the presence of another, as described in the Indictment;

*Second*, that the Defendant took this property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediately or in the future; and

***Third***, that this action affected interstate commerce.

Count Seven (Using and Carrying a Firearm During and In Relation to a Crime of Violence)

***First***, that the Defendant did knowingly use and carry a firearm;

***Second***, that the using and carrying (brandishing) of the firearm was during and in relation to a crime of violence, to wit, the Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Six above; and

***Third***, that the firearm possessed by the Defendant meets the definition of a firearm set forth in 18 U.S.C. § 921(a)(3).

[handwritten: Jacob Norwood]

Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: Count Six: twenty (20) years imprisonment; a $250,000 fine; and a period of supervised release of three (3) years; and Count Seven: Life imprisonment, with a mandatory seven years imprisonment consecutive to any other sentence imposed; a $250,000 fine; and a period of supervised release of three (3) years. In addition, the Defendant must pay $200 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make full restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked– even on the last day of the term– and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed that would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind related to his guilt or innocence, and the Court will find the Defendant guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights, including but not limited to the right to vote and the right to bear a firearm.

## Advisory Sentencing Guidelines Apply

    5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto that this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

a. The parties agree that the facts stated in Attachment A would establish that the Defendant committed the crimes charged in Counts Six and Seven of the Indictment.

b. The stipulated offense levels are as follows:

Count Six (Hobbs Act Robbery: December 29, 2010)

(1) Pursuant to § 2B3.1, the base offense level is **20**.
(2) Pursuant to § 2B3.1(b)(4)(B), the adjusted offense level is increased by 2 levels because any person was physically restrained to facilitate commission of the offense. (Subtotal = **22**).
(3) Pursuant to § 2B3.1(b)(6), the adjusted offense level is increased by 1 additional level because controlled substances were taken. (Subtotal = **23**).

Acceptance of Responsibility

(1) This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final adjusted offense level for Count Six is **20**.

Count Seven (Using and Carrying [Brandishing] a Firearm During and In Relation to a Crime of Violence)

4

        (1)     The Guideline sentence is a mandatory minimum term of imprisonment of seven years consecutive to any other sentence imposed pursuant to U.S.S.G. § 2K2.4(b).

7. The Defendant understands that there is no agreement as to his criminal history category and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8. This Office and the Defendant agree that with respect to the calculation of criminal history and advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant intends to seek a sentence outside of the advisory guidelines range, he agrees to notify the Court, the United States Probation Officer, and this Office at least fourteen (14) days in advance of sentencing of facts or issues he intends to raise pursuant to 18 U.S.C. § 3553(a).

## Obligations of the United States Attorney's Office

9. At the time of sentencing, this Office will recommend a sentence within the applicable advisory guidelines range as determined by the Court for Counts Six and Seven. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant. In addition, this Office will recommend that the Court impose a judgment of full restitution to the victim.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Restitution

11. The Defendant agrees to the entry of a Restitution Order for at least **$2,284.50**. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of funds obtained as a result of the criminal conduct set forth in the factual stipulation as well as any funds that may be available as substitute assets for the purpose of restitution. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Forfeiture

12. The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm. He forfeits all rights, title, and interest in the following two guns:

- One (1) Smith & Wesson .357 caliber handgun bearing serial number CNX3311; and
- One (1) F. Lli Pietta .44 caliber black powder revolver that was seized from the Defendant's possession on December 29, 2010.

13. The Defendant understands that the court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. Specifically, the court will order the forfeiture of all proceeds obtained or retained as a result of the offense including, but not limited to, the loss amount of **$2,284.50**. The Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. This Office agrees to seek the Attorney General's approval to apply forfeited assets to the Defendant's Restitution Order.

### Assisting the Government with Regard to the Forfeiture

14. The Defendant agrees to assist fully in the forfeiture of the foregoing assets. The Defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

### Waiver of Further Review of Forfeiture

15. The Defendant further agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

16. At the time of sentencing, subject to any mandatory minimum, this Office will recommend a sentence within the advisory guideline range. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

17. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal

18. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

    b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds a total of **125 months'** imprisonment; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below a total of **117 months'** imprisonment.

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Court Not a Party

19. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Pre-sentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the pre-sentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors

different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Obstruction or Other Violations of Law

20. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (a) engages in conduct after the date of this agreement that would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1; (b) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report; or (c) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Entire Agreement

21. This agreement, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Sujit Raman
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11-21-11
Date

Seth Daniel Norwood

I am Seth Daniel Norwood's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

11-21-11
Date

Harry J. Trainor, Esq.

## ATTACHMENT A
### Statement of Facts

*The United States and the Defendant stipulate and agree to the following facts that the United States would have proved beyond a reasonable doubt had this case proceeded to trial. They further stipulate and agree that these are not all of the facts that the United States would have proven.*

The parties agree that the facts set out below are sufficient to establish the elements of the offense charged and the appropriate guideline range under U.S.S.G. § 1B1.3.

On December 29, 2010, the defendant, **SETH DANIEL NORWOOD** ("**SETH NORWOOD**"), and his brother, **Jacob Nathanael Norwood** ("**Jacob Norwood**"), committed an armed robbery of the MedOne Pharmacy located at 4317 Old National Pike in Middletown, Maryland. **Jacob Norwood** entered the pharmacy that afternoon and enquired when the business would close. That evening, shortly before 7:00 pm, he and **SETH NORWOOD** drove to the pharmacy in a red Nissan vehicle registered in the name of their father. The **NORWOODS** entered the business wearing ski masks and black jackets. **Jacob Norwood** carried a Smith & Wesson .357 caliber handgun bearing serial number CNX3311, which he had purchased in November 2010; **SETH NORWOOD** carried a replica black powder pistol.[1] The brothers brandished these guns, rushed behind the counter, and ordered two female employees of the pharmacy to hand over money and oxycontin. **SETH NORWOOD** held one of the employees down on the floor at gunpoint while **Jacob Norwood** took the other employee by the arm and ordered her to the back of the pharmacy, where he directed her to take bottles containing controlling substances – which had traveled in and had affected interstate commerce – off the shelves and to place them into a black trash bag. After she had done so, **Jacob Norwood** ordered the same employee to empty out the contents of the pharmacy's cash register into the black trash bag. The brothers then left the pharmacy.

Local law enforcement officers soon learned about the armed robbery. Based upon the description of the **NORWOODS'** red getaway car, they identified the defendants and began to follow them. When a police officer attempted to initiate a traffic stop, **Jacob Norwood**, who was driving the red Nissan, refused to stop and instead accelerated away, initiating a high-speed car chase. Eventually, **Jacob Norwood** drove the red Nissan into a local park, smashed through a chainlink fence, and crashed into a bordering creek. Law enforcement officials took **Jacob Norwood** into custody from the vehicle itself. **SETH NORWOOD**, who was sitting in the front passenger seat, attempted to flee on foot carrying a black trash bag, but he was quickly apprehended. Officers at the scene inventoried the contents of the black trash bag, which was revealed to contain:

- 243 Oxycodone/Acetaminophen 7.5 mg/500 mg pills;
- 327 Oxycodone/Acetaminophen 10 mg/325 mg pills;
- 182 Oxycodone/Acetaminophen 7.5 mg/325 mg pills;
- 130 Oxycodone/Acetaminophen 2.5 mg/325 mg pills;

---

[1] **SETH NORWOOD** stipulates that the handgun carried by **Jacob Norwood** meets the definition of a "firearm" within the meaning of Title 18, United States Code, Section 921(a)(3). The weapon was capable of expelling a projectile by the action of an explosive.

*[Handwritten marginalia: "during which time he measured (they) would be over quickly," and initials "SN" / "SR"]*

- 738 Oxycodone/Acetaminophen 5 mg/325 mg pills;
- 90 Oxycodone/Acetaminophen 10 mg/650 mg pills;
- 70 Oxycodone/Acetaminophen 5 mg/500 mg pills;
- 226 Oxycodone Hydrochloride 15 mg pills;
- 171 Oxycodone Hydrochloride 5 mg pills;
- 154 Oxycodone Hydrochloride 30 mg pills;
- 245 Oxycodone Hydrochloride 10 mg pills;
- 28 Oxycodone 80 mg pills;
- 100 Oxycodone 40 mg pills;
- 100 Oxycodone 20 mg pills;
- One (1) Smith & Wesson .357 caliber revolver;
- One (1) F. Lli Pietta .44 caliber black powder revolver;
- $429.50 in mixed United States currency.

Officers later lawfully executed valid search and seizure warrants on the red Nissan, which was revealed to contain two black jackets and two ski masks, among other items. In addition, the controlled substances stolen by the brothers (described above) was later discovered to be worth approximately $1,855.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. It fairly describes the circumstances surrounding the Hobbs Act robbery I committed with Jacob Nathanael Norwood on December 29, 2010, as well as our brandishing of a firearm during and in relation to that crime of violence. I further understand that it is included as part of my plea agreement with the United States in this case.

_____       12-19-11
Seth Daniel Norwood                   Date

_____       12-19-11
Harry J. Traynor, Esq.                Date
*Counsel for Seth Daniel Norwood*